**Joe Lee HITT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52986.**

Court of Criminal Appeals of Texas.

March 30, 1977.

Richard D. Bird, Childress, for appellant.

John T. Forbis, County Atty., Childress, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for driving while intoxicated. The jury found appellant guilty and the trial court assessed punishment at a fine of $150.00 and thirty days, probated for nine months.

Appellant in his sole ground of error contends that the trial court erred in permitting the State to elicit testimony before the jury, over appellant's objection, that appellant had been offered a breathalyzer test and had refused to take the test.

---

The State contends that *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) and *Olson v. State*, Tex. Cr.App., 484 S.W.2d 756, render this testimony admissible.

The State's contention has been answered adversely to it by this Court by *Dudley v. State*, 548 S.W.2d 706 (No. 50,448, 1977). See also *Martinez v. State*, 548 S.W.2d 719 (1977) and *Clinard v. State*, 548 S.W.2d 716 (1977). In *Dudley*, supra, we stated:

> "*Schmerber* is not authority for the contention of the State herein, but is strong authority to the contrary. In *Schmerber* the Supreme Court gave as its reason for holding the results of said blood test beyond the scope of the Fifth Amendment the fact that such was merely a then existing physical characteristic of the defendant and 'not even a shadow of testimonial compulsion upon or enforced communication by the accused was involved.' *Schmerber* at page 765 of 384 U.S., at page 1832 of 86 S.Ct. We interpret the majority in said case in footnote nine to the above quoted statement to say general Fifth Amendment principles including Miranda requirements would apply as to proof of any refusal to take a breathalyzer test.

> \*　　\*　　\*　　\*　　\*　　\*

> "A defendant's silence or negative reply to a demand or request by an officer made upon him while the necessary compulsion attendant with custodial arrest, which demand or question reasonably calls for an immediate reply by the defendant, is clearly a tacit or overt expression and communication of the defendant's thoughts in regard thereto, *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). The obvious purpose and certain result of proving a person accused of intoxication refused a request to take a breathalyzer test is to show the jury that the accused, with his full knowledge of the true amount he had consumed, thought that he could not afford to take said test. Such was the only reason for its relevancy. Thus, said evidence is without doubt of communicative and testimonial character and not mere factual proof of a then existing physical characteristic. The contention that if the result of the test is admissible that an accused person's expression of his desire not to submit to said test must also be admissible, is directly contrary to the reasoning of *Schmerber*. This is so because the Constitution simply forbids any compulsory revealing or communication of an accused person's thoughts or mental processes, whether it is by acts, failure to act, words spoken or failure to speak, and the fact that it does not extend its scope further and forbid compulsory exhibition of physical characteristics does not nullify the extent to which it has extended its protection to an accused."

We hold that the introduction of the testimony violated appellant's rights under the Fifth and Fourteenth Amendments and under Art. 38.22, V.A.C.C.P.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

ROBERTS and ODOM, JJ., dissent for the reasons stated in *Dudley v. State*, 548 S.W.2d 706 (No. 50,448) (1977).