**Curtis Ell WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–81–224–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 17, 1981.

Don L. Hendrix, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and MORSE, JJ.

MURPHY, Justice.

Curtis Ell White (appellant) appeals from a jury conviction for aggravated robbery on his plea of not guilty. The jury assessed punishment at 50 years confinement in the Texas Department of Corrections. The questions in contention are did the trial court err in denying appellant's motion to suppress evidence obtained at a pre-trial lineup and whether the court erred in admitting evidence of an extraneous offense at the guilt-innocence stage of trial. We affirm.

On January 3, 1980, appellant was indicted for aggravated robbery of Mr. and Mrs. Lee M. Powers on October 31, 1979 and was later convicted for that offense with the conviction enhanced by one prior felony conviction. Officer H. M. White of the Houston Police Department testified at the pre-trial hearing that he conducted a pre-trial lineup at the Houston Police Station on December 15, 1979. The official record of the Houston Police Department indicated appellant had been charged with forgery on December 14, 1979. Appellant was not represented by counsel at the pre-trial lineup. Both the Powers identified appellant at the pre-trial hearing as the person who robbed them, although Mrs. Powers' identification was tentative. The trial court overruled appellant's motion to suppress the pre-trial identification evidence. Both Powers again identified appellant at the trial before the jury. Over Appellant's objection the trial court admitted evidence of appellant's attempt to cash a check belonging to Mr. Powers on or about November 1, 1979. It is from these actions that appellant brings his properly perfected appeal.

In his first ground of error, appellant contends the trial court erred in overruling his motion to suppress the identification evidence obtained at the pre-trial lineup because appellant was not represented by counsel at that time. Appellant maintains the lineup occurred after his constitutional right to counsel had attached to the proceedings because he had been charged with forgery prior to the lineup, although he had not yet been charged with aggravated robbery. The constitutional right to counsel in a criminal case attaches at the initiation of adversary judicial criminal proceedings. *Kirby v. Illinois*, 406 U.S. 682, 689–90, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1971). A post-indictment pre-trial lineup at which witnesses are present to identify an accused is a critical stage of a criminal

prosecution to which the constitutional right to counsel attaches. *Id.* In-court identifications are not admissible as evidence if they derive from a lineup which violates the constitutional standard governing the point at which an accused's right to counsel arises. *Id.* Where, however a witness bases his/her in-court identification of an accused upon observations other than those made at the lineup and the witness had ample opportunity to observe the accused other than at the lineup, the identification has an origin independent from the challenged lineup. *Brem v. State,* 571 S.W.2d 314, 320 (Tex.Cr.App.1978). Evidence of an in-court identification is admissible in such circumstances even though the lineup may have been improper. *Id.; Thompson v. State,* 480 S.W.2d 624, 626–628 (Tex.Cr.App.1972), citing *U. S. v. Wade,* 388 U:S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The state must demonstrate the independent origin of in-court identification following an improper or illegal lineup by clear and convincing evidence. *Thompson v. State, supra,* at 627. The record before us indicates the court held a hearing outside the jury's presence to determine the source of the Powers' in-court identification of appellant. The record of that evidence is replete with demonstrations that the Powers based their in-court identification upon sources other than the lineup held December 15, 1979. Under these circumstances, we find the error in the lineup harmless and overrule appellant's first ground of error.

Appellant's second ground of error maintains the trial court erred in admitting evidence of the extraneous offense of forgery at the guilt-innocence stage of the trial. A teller for the Port City Bank in Harris County, Texas testified an unknown black male tendered a check and driver's license belonging to Mr. Lee Powers to her on November 1, 1979, which check she cashed. Mr. Leon Brown, vice-president and cashier at the bank testified he had Mr. Powers fill out a forgery affidavit concerning the above check. The check was admitted into evidence as State's Exhibit No. 14. Subsequent investigation indicated that finger prints on the above check were appel-

lant's. Where an offense is one continuous transaction, or another offense is part of the case or trial, or blended or closely interwoven, proof of all such facts is proper. *Archer v. State,* 607 S.W.2d 539, 543 (Tex. Cr.App.1980); *Hines v. State,* 571 S.W.2d 322, 325 (Tex.Cr.App.1978); *Albrecht v. State,* 486 S.W.2d 97, 100–101 (Tex.Cr.App. 1972). The cashing of a forged check owned by the person robbed just hours earlier must be viewed as so interwoven with that earlier robbery to justify admitting evidence of the forgery to show the full extent and effect of the robbery as part of the context of the criminal act. *Albrecht v. State, supra.* We find, therefore, the trial court properly admitted the evidence of forgery and overrule appellant's second ground of error.

Affirmed.