**Thomas W. CASSELBERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00136–CR.**

Court of Appeals of Texas,
El Paso.

Feb. 24, 1982.

Discretionary Review Refused
May 26, 1982.

Douglas J. Brooks, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Karen Chilton Beverly, Brenda Christian, Knox Fitzpatrick, Asst. Dist. Attys., Dallas, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

OPINION

SCHULTE, Justice.

Appellant was convicted of the misdemeanor offense of driving while intoxicated and was sentenced to three days in county

jail, a fine of $50.00, and was placed on probation for one year. We reverse and remand for a new trial.

At about 11:00 p. m. on December 10, 1978, Appellant's car was observed going around in circles at a high rate of speed. Officer Winter testified that Appellant's car pulled out on the highway; that Appellant, when stopped, got out of his car and staggered; that he had slurred speech, alcohol on his breath and bloodshot eyes; and that he twice failed a standing field sobriety test. The Officer arrested the Appellant and took him to the police station.

The grounds of error are two: first, that the trial court erred in admitting proof of Appellant's refusal to take a breathalyzer examination while under arrest, and, second, that the trial court erred in permitting the jury to take an altered version of State's Exhibit No. 1 into the jury room during deliberation.

We believe Appellant's first ground requires reversal. However, since the case must be remanded for retrial, we discuss briefly the second ground.

■ After State's Exhibit One was admitted in evidence, the same being a diagram of the intersection where Appellant was stopped, Officer Winter drew a red line on the chart indicating Appellant's path. The defense did not object. The exhibit was a visual aid to illustrate the Officer's testimony and its admission was within the discretion of the trial court. Since all of the information on the exhibit had been properly proved, it was admissible, and properly went to the jury. Ground of Error No. Two is overruled.

As to the asserted error of the trial court in admitting proof of Appellant's refusal to take a breathalyzer test while under arrest, the State responds that such evidence was properly admitted for the limited purpose of explaining why the State failed to produce results of a breath test in the instant case.

On cross-examination, Appellant's counsel asked Officer Winter why he had changed the charge from "aggravated drunk" to driving while intoxicated. He responded that he wanted to give the Appellant a chance to prove that he was not drunk. After the defense rested, the State recalled Officer Winter to testify that he had changed the charge so that Appellant might clear himself by taking a breathalyzer test. In response to the State's further questions, and over defense objection, the officer further testified Appellant refused to take the test.

■ The State may not introduce evidence that the accused was offered and refused to take a breathalyzer test after his arrest for driving while intoxicated. *Dudley v. State*, 548 S.W.2d 706 (Tex.Cr.App. 1977); *Hitt v. State*, 548 S.W.2d 732 (Tex. Cr.App.1977). However, the rule is obviated when the defense "opens the door." *Sutton v. State*, 548 S.W.2d 720 (Tex.Cr. App.1977).

■ A review of the statement of facts here reveals that the Appellant did not invite evidence concerning his refusal to take the test. The cross-examination by the defense merely showed that the charge was changed so that Appellant would have an opportunity to show his innocence. No breathalyzer test was mentioned. In *Sutton v. State, supra*, evidence produced by the defense of an officer's statement that if a breathalyzer test was taken it would "be close" was held insufficient to open the door to proof of a refusal to take the test. This was because the defense evidence did not connote that a breath test was actually offered. Here, the defense evidence gave even less of an indication of an opportunity to take the test. The net result of proving refusal to take the test is to show the jury that the accused, with full knowledge of the true amount of liquor consumed, thought that he could not afford to take such test. *Dudley v. State, supra*, at 707–708. This effect could not be changed by the trial court's instruction to consider such testimony only as an explanation for why no scientific evidence of intoxication was produced. Such a charge merely served to reenforce the impact of this evidence in the minds of the jury. Ground of Error No. One is sustained.

The judgment of the trial court is reversed and the case is remanded for a new trial.