**Tammie Downs GRAHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-82-01208-CR.**

Court of Appeals of Texas, Dallas.

Jan. 12, 1984.

Robert Udashen, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald Davis, Asst. Dist. Atty., for appellee.

Before STEPHENS, GUILLOT and ROWE, JJ.

STEPHENS, Justice.

Appellant was found guilty of the misdemeanor offense of driving while intoxicated. On appeal she contends that the case should be reversed because: an officer was permitted to testify, over objection, that he had seen people less intoxicated than appellant take and flunk an intoxilyzer test; that

appellant was denied due process under both the United States and the Texas Constitutions, because the arresting officer refused to give her a chemical breath test, after she agreed to take one; and that the evidence was insufficient to support the jury's verdict. We disagree with each contention, and accordingly, we affirm.

██ First we address the insufficiency of the evidence ground. Appellant agrees in her brief that our standard of review is to examine all of the evidence in the light most favorable to the verdict, to determine whether a rational jury could reasonably conclude that the accused is guilty beyond a reasonable doubt. *Combs v. State,* 643 S.W.2d 709 (Tex.Cr.App.1982) *(en banc);* *Arvay v. State,* 646 S.W.2d 320 (Tex.App.—Dallas 1983, pet. ref'd). We have examined the abundance of the evidence of guilt in this case, and find it to be sufficient to support the jury's verdict.

██ Next, we consider appellant's contention that reversible error occurred when the arresting officer was permitted to answer the following question: "Have you seen people that were less intoxicated than Ms. Graham flunk an intoxilyzer test?" When the question was asked, appellant's counsel objected that the question called for speculation; that no definition of "less or more intoxicated than Ms. Graham" existed; and that the officer had no basis of saying whether she would or would not have passed an intoxilyzer test if she had been given one. A colloquy between appellant's counsel, the court, and the prosecutor then occurred, and the court permitted the witness to answer "based on the tests he's observed." The prosecutor then rephrased the question as follows: "Based on your own experiences in individuals you've seen taking the test, have you seen people that were less intoxicated than Ms. Graham take and fail the intoxilyzer test?" The question, as rephrased, was then answered without objection. Nothing is preserved for our review. *Crocker v. State,* 573 S.W.2d 190, 205 (Tex.Cr.App.1978).

Finally, appellant contends that she was denied due process by the officer's failure to administer a chemical breath test, after she agreed to take one. This question poses some difficulty, in that it has not been directly passed upon by the Texas courts. An analysis of the Texas "implied consent" law, TEX.REV.CIV.STAT.ANN. art. 6701*l*–5 (Vernon 1977), is in order before appellant's contention can be answered.

Section 1 of the Act, as paraphrased, reads that an operator of a motor vehicle in Texas, shall be deemed to have given consent to a chemical test of his breath for the purpose of determining intoxication, if arrested for an offense alleged to have been committed while such operator was driving or in actual physical control of a motor vehicle, while intoxicated.

Section 2 of the Act provides that upon refusal of the operator to take such test, and upon certain proof being offered, the operator's privilege to drive upon the highways of Texas may be suspended for a limited period of time.

Section 3(d) grants the right to a person tested under the Act, upon request and within a reasonable time not to exceed two hours after the arrest, to have an independent test administered by a physician, qualified technician, chemist, or registered professional nurse, of the person's own choice.

Section 3(f) provides that: "If for any reason the person's request to have a chemical test for intoxication is refused by the officer or any other person acting for or on behalf of the state, such fact may be introduced into evidence on the trial of such person."

██ We are unable to find within this statute any mandatory duty on the State to administer a chemical test. Under section 3(a) of the statute, if the State elects to offer the test, and if the person accused takes the test, then its results, as well as the results of an independent test administered by a qualified person of the accused's choice under section 3(d), are admissible in the trial of a criminal case. Section 3(f) expressly provides a remedy for an accused who is denied his request to have the test administered. Should his request be refus-

ed, for any reason, then the accused may introduce this fact into evidence, and use it for his defense. We hold that appellant was not denied due process under either the United States Constitution, or under the Texas Constitution, by the State's refusal to administer a chemical breath test.

The judgment of the trial court is affirmed.