**Ivan Wayne GROWE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–83–247CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 7, 1984.

Clyde F. DeWitt, III, Houston, for appellant.

Calvin A. Hartmann, Karen Zellars, Intern, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Ivan Wayne Growe pled no contest to a charge of driving while intoxicated (D.W.I.) and was thereafter fined $300.00 and given a two year probated sentence. After appellant was transported to the police station, but before being charged, he was asked to submit to a chemical breath test. Appellant responded that he would not do so until he was able to consult with his attorney. He was then charged with the instant offense. Five minutes later, he asked the jail officer to arrange for the test anyway, but the officer did not respond. In his sole ground of error, appellant now contends that the court should have dismissed the

case because he was denied his right to counsel, and concommitantly his opportunity via a chemical breath test to establish a defense to the charge. We hold that under these circumstances, there is no limited right to counsel and accordingly affirm the judgment of the trial court.

■ The Constitutional right to counsel is implicated in two situations: first, in order to guarantee the full effectuation of a defendant's Fifth Amendment privilege against self-incrimination; and second, at or after adversarial judicial proceedings have been initiated against the defendant. *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *White v. State*, 625 S.W.2d 835 (Tex.App.—Houston [14th Dist.] 1981, no pet.). Thus, our task is to decide whether either of these situations exist in the instant cause.

■ The privilege against self-incrimination as contained in both the Fifth Amendment to the United States Constitution and Article 1, § 10 of the Texas Constitution protects only testimonial communications. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *Rodriguez v. State*, 631 S.W.2d 515 (Tex. Crim.App.1982). Since the results of breathalyzer tests are real, not testimonial, evidence, they are not protected by the Constitutional privilege and the right to counsel is not implicated. *See Rodriguez* at 517.

■ The right to counsel, in its literal sense, attaches at or after the time adversary judicial proceedings have been initiated under either Federal or Texas law. *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *White v. State*, 625 S.W.2d at 836. Here, appellant had been transported to the police station, but had not been charged at the time his request was denied. Rather, he was simply requested to submit to a breathalyzer test, as provided for under the Texas implied consent law. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5 (Vernon Supp.1984). His refusal to submit did not subject him to criminal prosecution, but rather could only result in an administrative suspension of his license. *Id.* He has a right to a hearing on such a suspension before a proper official. The government clearly had not "committed itself to prosecute" at this point, and thus no absolute Constitutional right to counsel existed. *See Kirby v. Illinois*, 406 U.S. at 689, 92 S.Ct. at 1882.

■ Additionally, this could not be considered to be a "critical stage" of the prosecution. *See United States v. Wade*, 388 U.S. 218, 227, 87 S.Ct. 1926, 1932, 18 L.Ed.2d 1149 (1967). Appellant could refuse to take the test, and his failure to do so was not admissible against him. Rather, the only implication of a refusal to take the breathalyzer was a possible suspension of his driver's license. Under either of these standards, the right to counsel had not attached at this point.

■ Appellant, however, argues that there is a limited right to counsel prior to taking a chemical breath test under state *statutory* law, pointing to several cases outside our jurisdiction as authority therefor. In reviewing these cases, we first point out that the various jurisdictions are divided on whether there is a right to counsel in such situations. *See, e.g., Copelin v. State*, 659 P.2d 1206 (Alaska 1983) (holding there was a limited statutory right to counsel); *State v. Jones*, 457 A.2d 1116 (Me. 1983) (holding there was no limited right to counsel). The majority of the cases cited by appellant were decided on state statutory grounds. Typically, these statutes specifically prescribe that the defendant must be permitted to telephone an attorney as soon as feasible after his arrest. *See State v. Vietor*, 261 N.W.2d 828 (Iowa 1978); *Prideaux v. Department of Public Safety*, 247 N.W.2d 385 (Minn.1976); *Fitzsimmons v. State*, 93 Wash.2d 436, 610 P.2d 893 (1980) (en banc), 449 U.S. 977, 101 S.Ct. 390, 66 L.Ed.2d 240, on remand, 94 Wash.2d 858, 620 P.2d 999 (1980). Such cases have little relevance in Texas. Both the Texas Constitution and its statutory progeny provide only that the defendant has a right to counsel, but do not specifically delineate when this right attaches. Tex.

Const. art. 1, § 10; Tex.Crim.Proc.Code Ann. §§ 1.05, 15.17 (Vernon 1977 & Supp. 1984). Case law interpreting these provisions holds that Texas law reflects Federal law: that the right attaches upon the commencement of adversarial judicial proceedings. *See Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *White v. State*, 625 S.W.2d at 836. Thus, the cases cited by appellant based on those state statutory provisions are of little precedential value.

Appellant cites one case, which was decided on Constitutional grounds. *State v. Welch*, 135 Vt. 316, 376 A.2d 351 (1977). The Vermont supreme court held this was a "critical stage" of the process and thus the right to counsel attached. However, important in this decision was the fact that a defendant's refusal to take the test could be used in evidence against him; thus, the decision of whether to take the test was of significant import. As noted above, such refusal is not admissible under current Texas law. *Hitt v. State*, 548 S.W.2d 732 (Tex.Crim.App.1977); *Casselberry v. State*, 631 S.W.2d 542 (Tex.App.—El Paso 1982, pet. ref'd). Therefore, appellant's inability to consult with an attorney is not as "critical" as in Vermont. *See United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

■ We also hasten to point out that even if we indeed found a limited right to counsel, the prevailing remedy in these cases is to exclude the improperly gained evidence. *See Copelin v. State*, 659 P.2d 1206, 1214–15 (Alaska 1983); *Prideaux v. Department of Public Safety*, 310 Minn. 405, 247 N.W.2d 385 (1978). In this case, appellant did not take the breathalyzer test, and, as noted above, his failure to do so was inadmissible. Thus, any error was harmless.

Appellant suggests, however, that by denying his right to counsel, he was denied his only opportunity to establish the defense that he was not intoxicated. He assumes that had he contacted his attorney, he would have advised him to take the test, and that the results would have proved he was not intoxicated. This position, in our opinion, is untenable. First, it is entirely based on speculation. Second, it misconstrues the purpose of the implied consent law. This statute provides a mechanism for determining whether one who operates a motor vehicle on our streets and highways has abused that privilege by driving while intoxicated. If so, his privilege (driver's license) may be suspended. By utilizing the privilege of driving on our roadways, the driver impliedly consents to the taking of a breathalyzer test if the officer has reason to believe him to be driving while intoxicated. If the driver elects not to take the test, the penalty potentially attaches. His license may be suspended after an administrative hearing before the proper official. *See* Tex.Rev.Civ.Stat.Ann. art. 6687b, § 22(a) (Vernon Supp.1984). Here, the stipulated evidence reflects that appellant was requested to submit to a chemical breath test and was informed that if he refused, his driver's license could be suspended. He stated that he would not submit to the test until he had an opportunity to contact an attorney by telephone.

■ Appellant thus construes implied consent to mean that it is *subject to* the driver's electing to contact an attorney. The implied consent statute makes no such distinction. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, § 1 (Vernon 1977). Nor do we engraft such a requirement on to it. Under the law in effect at the time of this case, we construe such a conditioned request as a refusal. We would further point out that the implied consent law does not place any mandatory duty on the state to administer a chemical breath test. *Accord Graham v. State*, 665 S.W.2d 832 (Tex.App.—Dallas 1984, no pet.). Appellant does not contend that any adverse evidence was introduced against him as a result of his refusal and failure to consult with counsel. Rather, appellant asserts that he was denied his only basis for a defense by not being allowed to take the test later. We would further point out that in addition to being highly speculative, the defense theory is belied by the facts. Ap-

pellant pled no contest and sought no error in contending that the evidence, exclusive of any breathalyzer factors, was insufficient.

We find under the circumstances of this case no harm resulted to appellant as a result of his refusal, as no damaging evidence resulted therefrom. A limited right to counsel under these circumstances is not mandated either constitutionally or statutorily; and even if it were, there is no measurable harm resulting to the appellant therefrom.

We make no ruling with regard to the effect of the new laws enacted in the last legislature regarding cases of this sort in that a chemical breath test refusal is now admissible. Driving While Intoxicated, ch. 303, § 4, 1983 Tex.Sess.Law Serv. 1568, 1584 (Vernon). Nor do we encompass, in this opinion, those cases where a Miranda warning is immediately given to the arrested driver without therein distinguishing between his right to counsel in the felony matter, and the lack thereof with regard to his choice in submitting to a chemical breath test under the implied consent law.

The judgment is affirmed.