Thomas Franklin CAREY, Appellant,

v.

The STATE of Texas, State.

No. 2–83–401–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 11, 1984.

822 ██ 

Gilfeather, Parker & Griffin, and Peter Gilfeather, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., C. Chris Marshall, and David L. Richards, Asst. Dist. Attys., Fort Worth, for State.

Before ASHWORTH, BURDOCK and HILL, JJ.

## OPINION

ASHWORTH, Justice.

Appellant, Thomas Franklin Carey, was found guilty of burglary. The jury found he had two prior felony convictions and sentenced him to 50 years confinement and a $10,000.00 fine.

Existing law does not permit the imposition of the fine under the circumstances of this case. Also, the evidence was insufficient to show appellant was the person found guilty of a prior conviction. For these reasons the judgment is reversed and cause remanded for new trial.

Appellant's first ground of error contends the trial court charged the jury on a punishment range not set by law. The trial court charged the jury that if they found the two enhancement paragraphs to be true, they should assess punishment of confinement for 25 to 99 years, or life, and could impose a fine up to $10,000.00.

TEX.PENAL CODE ANN. sec. 12.42(d) (Vernon Supp.1984) provides:

If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, ... on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years.

TEX.PENAL CODE ANN. sec. 12.32(b) (Vernon Supp.1984) provides:

In addition to imprisonment, an individual adjudged guilty of a felony of the first degree may be punished by a fine not to exceed $10,000.

Appellant contends that sec. 12.42(d) is exclusive in providing the range of punishment in the case of a habitual, and sec. 12.32(b) may not be utilized to assess a fine in addition to imprisonment.

In its brief, and in oral argument, the State recognizes that the very issue presented in appellant's first ground of error has been decided in appellant's favor in *Bogany v. State,* 661 S.W.2d 957 (Tex. Crim.App.1983). *See also Releford v. State,* No. 152–83 (Tex.Crim.App., September 19, 1984) (not yet reported). The State recognizes that this court is bound to follow the decision in *Bogany* and we do so. We understand the logic of the State's arguments, which in essence are in accord with the minority opinion in *Bogany.* However, the majority opinion in *Bogany,* as reaffirmed in *Releford,* is controlling. Appellant's first ground of error is sustained.

Appellant's second ground of error contends the trial court erred in admitting into evidence the physical evidence obtained as a result of appellant's arrest.

A pretrial hearing was held on appellant's motion to suppress the evidence obtained at the time of appellant's arrest. Edward Louis Pricer, a policeman, testified he went to the apartment that had been burglarized. He received a description of a male and female and an automobile apparently involved in the burglary. The car was described as a black over red Mustang with license number TXM 265. Later that same day while on routine patrol, Pricer saw a Mustang with that same license number. He stopped the Mustang which was occupied by a male and female basically fitting the description he had been given earlier. While talking with the male occupant outside the Mustang, Pricer noticed a brass or gold colored pocket watch hanging from the heater switch on the dashboard. Pricer had been informed that a watch of that description had been taken in the bur-

glary. Pricer then advised the male he was under arrest for investigation, burglary of a habitation.

Pricer noticed the female occupant apparently placing or moving something on the floorboard on the passenger side. Pricer had the female get out of the car and then he found a wallet containing some checks and identification of one of the occupants of the burglarized apartment.

■ Appellant contends two witnesses at the apartment described the male to Pricer as having a mustache and wearing a dirty-looking T-shirt, while in fact he had a beard and was wearing a beige casual dress shirt. The gist of his complaint is that the differences in color of car, mustache versus beard, and dirty T-shirt versus beige casual shirt, are such discrepancies as to render improbable any cause for his arrest. Such argument ignores the facts of exact description of license number, and what we consider minor differences in description of facial hair, color and type of shirt, and color of car. These minor differences in description did not result in lack of probable cause for the arrest. *See Laws v. State*, 549 S.W.2d 738 (Tex.Crim.App.1977). Appellant's second ground of error is overruled.

Appellant's third ground of error alleges appellant's confession should have been suppressed because it was obtained as the result of an illegal arrest. In considering appellant's second ground of error, we have held that appellant's arrest was not illegal. Appellant's third ground of error is overruled.

Appellant's fourth ground of error contends the trial court should have charged the jury on the voluntariness of appellant's confession.

Prior to the trial a hearing was held on the voluntariness of the confession and the court found it was voluntary. During the trial itself, the record reflects that appellant had the *Miranda* warnings read to him by Officer Pricer's assist officer when he was arrested; the morning after his arrest his warnings were again given him by a magistrate; later that same morning, Sergeant Hoote, a police officer, gave appellant a blank statement form containing the warnings and appellant stated he understood them. Appellant then wrote out his statement, part of which was written and signed in the presence of Sergeant Hoote.

■ In reviewing the evidence presented to the jury with regard to the confession, we find no evidence raising an issue as to its voluntariness. If the evidence before the jury does not raise the issue of voluntariness of the confession, the defendant is not entitled to a charge to the jury on such issue. *Brooks v. State*, 567 S.W.2d 2 (Tex.Crim.App.1978). Appellant's fourth ground of error is overruled.

Appellant's fifth ground of error alleges error in admitting into evidence five extraneous offenses. The basis for appellant's complaint is found in his confession which states:

Around 3:30 I picked up Kathy Hill and told her I was going to hit some guys house to make some money. I then went to Woodhaven Apts. and entered an Apt. by the swimming pool.

I sold (1) one ring to T.K.I.C., had took 2 others, watch, 2 check books.

We then drove to the East part of town and cashed 4 checks.

1 at Winn Dixie on Meadowbrook Dr.

1 at Mitchell's on Meadowbrook Dr.

1 at Winn Dixie on E. Lancaster

1 at Kenny's shoes on E. Lancaster

Those portions of the statement reciting the sale of the ring and passing of four checks were admitted into evidence over appellant's objection.

■ It is a fundamental principle of law that an accused is entitled to be tried on the accusation made in the State's pleading and not on some collateral crime or for being a criminal generally. *Smith v. State*, 646 S.W.2d 452, 455 (Tex.Crim.App. 1983). In keeping with such principle, proof of extraneous offenses committed by the accused is not probative of the contested material issues in the case and is inadmissible. *Elkins v. State*, 647 S.W.2d 663

(Tex.Crim.App.1983); *Davis v. State*, 645 S.W.2d 288 (Tex.Crim.App.1983); *Bates v. State*, 643 S.W.2d 939 (Tex.Crim.App.1982).

There are exceptions to the general principle stated. Extraneous offenses may become admissible upon a showing that the transaction is *relevant* to a *material* issue in the case, and the probative value of the evidence outweighs its inflammatory or prejudicial potential. *See Rubio v. State*, 607 S.W.2d 498 (Tex.Crim.App. 1980) (emphasis in original). When the offense is one continuous transaction, proof of all the facts relating to the transaction is proper as part of the circumstances attending the offense. *Hoffert v. State*, 623 S.W.2d 141 (Tex.Crim.App.1981).

In the instant case, appellant himself apparently believed the sale of the ring and cashing the four checks were all related to, and a part of, the burglary. Otherwise, he would not have gone to the effort to include them in his statement. We hold the extraneous offenses were related to the primary offense and their relevancy outweighed any inflammatory or prejudicial effect.

In addition, appellant contended that the discrepancies in his description by the witnesses resulted in an illegal arrest. The issue of identity was therefore presented. In a proper case, proof of extraneous offenses may be made in order to prove identity. *Albrecht v. State*, 486 S.W.2d 97 (Tex.Crim.App.1972); *Williams v. State*, 662 S.W.2d 344 (Tex.Crim.App.1983). In the instant case, proof of the extraneous offenses was properly admitted on the issue of identity, and again, their relevancy outweighed any inflammatory or prejudicial effect. Appellant's fifth ground of error is overruled.

Appellant's sixth ground of error contends it was error to submit the issue of extraneous offenses to the jury because there was insufficient evidence to prove such offenses. Appellant argues that his confession was uncorroborated and therefore was insufficient to prove the extraneous offenses beyond a reasonable doubt.

The record does reflect sufficient corroboration of the extraneous offenses. There was testimony that the ring and checks were taken in the burglary. Officer Pricer testified he observed appellant's Mustang parked in the parking lot of Kinneys Shoe Store on Lancaster Street about three hours after the burglary. Pricer then observed appellant and the female companion in the shoe store. They were arrested shortly thereafter.

It is not necessary that each circumstance involved in the offense confessed be corroborated. It is sufficient if the facts proven correspond in some part to the circumstances related in the confession. *Wooldridge v. State*, 653 S.W.2d 811 (Tex. Crim.App.1983). Appellant's sixth ground of error is overruled.

Appellant's seventh ground of error alleges reversible error in charging the jury they could consider extraneous offenses in determining punishment. The court's charge on guilt or innocence instructed the jury that if extraneous offenses were committed, they could be considered only in determining the intent or knowledge of the defendant. The charge on punishment instructed the jury that they may consider all facts shown by the evidence admitted in the full trial of the case and the law as submitted in the charge. Appellant's contention is that if a limiting instruction on extraneous offenses is to be given at the guilt-innocence stage, then it should also be given at the punishment stage.

Appellant's brief cites no authority for his contention. A brief which is conclusory only and cites no authority presents nothing for review. *Brooks v. State*, 642 S.W.2d 791 (Tex.Crim.App.1982); *McWherter v. State*, 607 S.W.2d 531 (Tex. Crim.App.1980). Even though no authority is cited by appellant, we have considered his ground of error and find no authority in support of the same. Appellant's seventh ground of error is overruled.

Appellant's eighth ground of error contends the penitentiary packet concerning a prior conviction contained no finger-

prints of appellant and therefore its admission into evidence constituted reversible error.

The State offered into evidence a penitentiary packet to prove a prior conviction of aggravated robbery. The packet did not contain the fingerprints of appellant. Appellant's objection to the packet was overruled. The State's position is that the packet contained pictures of appellant, less than four years old and of good photographic quality which the jury could compare with appellant himself and conclude he was the same person who had been previously convicted.

In accordance with high professional standards, the State's appellate attorney has filed a postsubmission brief bringing to our attention the recent case of *Littles v. State*, —— S.W.2d —— No. 301–83 (Tex. Crim.App., September 19, 1984) (not yet reported). *Littles* is precisely on point and answers the issue adversely to the State's contention. In *Littles* a penitentiary packet without fingerprint page, but with two photographs, was offered into evidence to prove a prior conviction; it was held that such evidence was insufficient to show that appellant was the person previously convicted and that appellant was entitled to a new trial. *Littles* is controlling in the instant case and appellant's eighth ground of error is sustained.

In his ninth ground of error, appellant alleges reversible error in charging the jury on the prior offense alleged in paragraph two of appellant's indictment. Paragraph two alleged appellant had been convicted of theft of property over the value of $200.00 or more but less than $10,000.00. The State introduced a penitentiary packet which showed a conviction for theft just as alleged. Appellant introduced into evidence the grand jury indictment with regard to such offense. The indictment alleged appellant "knowingly, knowing said property was stolen by another, appropriate said property which was stolen, to-wit: one bag of table silverware, of the value of $200 or more, but less than $10,000 ..."

Appellant argues that there is a variance between the pleading and the proof concerning the enhancement paragraph, constituting reversible error. Appellant cites no authority in support of his argument and the same rules apply as were set forth under his seventh ground of error. In addition, we hold if there was error, the same was harmless beyond a reasonable doubt. *Clay v. State*, 518 S.W.2d 550 (Tex. Crim.App.1975). Appellant's ninth ground of error is overruled.

Judgment reversed and cause remanded for new trial.