**Malvin JOHNSON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–88–00824–CR.**

Court of Appeals of Texas, Dallas.

Dec. 5, 1989.

Discretionary Review Refused April 18, 1990.

John H. Hagler, Dallas, for appellant.

Robert P. Abbott, Dallas, for appellee.

Before McCLUNG, THOMAS and WHITTINGTON, JJ.

## OPINION

McCLUNG, Justice.

Malvin Johnson appeals from a conviction of murder for which the jury assessed punishment at sixty years' confinement. In his first three points of error, Johnson urges that the trial court erred in: admitting an extraneous offense into evidence; permitting a defense witness to be improperly impeached; and allowing testimony that a motion to revoke Johnson's probation in another case had been filed. His fourth point complains that during closing argument the prosecutor injected the fact that the deceased did not have a criminal record. We affirm.

Terry Lynn Agnew, the deceased, spent the morning of January 26, 1988, standing with several other men outside of Mr. B's club. One of the men standing with him was a drug dealer named Harold Jackson. Johnson arrived around noon. He was aggressive and appeared to be intoxicated. When Johnson started trying to sell drugs, Jackson ordered him to leave. The two men first argued and then fought. During the ensuing struggle, a .22 caliber pistol fell from Johnson's pocket. Agnew, who was watching the fight, picked up the gun and hid it in a nearby bush. After the fight, Johnson asked Agnew to return the weapon, but Agnew said that he did not have it. Johnson left, promising to return, which he did some ten minutes later holding a .357 magnum pistol in his hand. By this time, Jackson and his sons had departed. Agnew, however, was still at the scene. Johnson again demanded his gun and began firing at Agnew's feet when he denied having the pistol. Agnew fled and Johnson followed, firing another round which hit Agnew in the back. Agnew died later that afternoon from a single gunshot wound to the back.

Johnson first argues that the trial court improperly admitted evidence of an

extraneous offense by allowing a witness to testify that, ten or fifteen minutes prior to the shooting, Johnson was trying to sell drugs. During the course of the prosecutor's attempts to question the witness regarding Johnson's attempt to sell drugs, defense counsel made the following three objections:

> Your Honor, we object to that. He said he was going sell something. All this is conjecture on his part and—
>
> \*   \*   \*   \*   \*   \*
>
> Now, Your Honor, we object to that. That's completely conjecture and that's done deliberately and to prejudice this Defendant and we ask that the jury be instructed not to consider the question or the answer.
>
> \*   \*   \*   \*   \*   \*
>
> Your Honor, I object to it as it goes to all of this testimony. I hope the court understands that.

On appeal, Johnson's complaint is that the testimony involved an extraneous, unrelated transaction which bore no relationship to the subsequent murder.

■ In order to preserve a complaint for review, the objection at trial must comport with the objection made on appeal. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim.App.1986); *Euziere v. State*, 648 S.W.2d 700, 703 (Tex.Crim.App.1983). Additionally, the objection must be timely and specific. A general objection is generally not sufficient to preserve the argument urged on appeal. *See Cisneros v. State*, 692 S.W.2d 78, 83 (Tex.Crim.App.1985). Because Johnson's objections below either differed from those on appeal or were nonspecific, nothing was preserved for review.

■ Even if the error had been preserved, we determine that the testimony was admissible as "res gestae" of the offense. When another criminal act is part of the case on trial or closely interwoven thereto, proof of all the facts is proper. *See Moreno v. State*, 721 S.W.2d 295, 301 (Tex.Crim.App.1986); *Archer v. State*, 607 S.W.2d 539, 542 (Tex.Crim.App.1980), *cert. denied*, 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981). Because events do not occur in a vacuum, the jury is entitled to know the context in which the indicted criminal act occurred so they may realistically evaluate the evidence. *Mitchell v. State*, 650 S.W.2d 801, 811 (Tex.Crim.App. 1983), *cert. denied*, 464 U.S. 1073, 104 S.Ct. 985, 79 L.Ed.2d 221 (1984); *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim.App. 1972). The extraneous drug offense occurred ten or fifteen minutes before Johnson shot the deceased and within the immediate proximity of the murder. Johnson's attempt to sell drugs precipitated his fight with Jackson. It was during this fight that Agnew obtained Johnson's pistol and was later killed when he refused to return it to Johnson. We hold that Johnson's efforts to sell drugs were directly connected with, contemporaneous to, and inseparable from the shooting of Agnew. *See Maddox v. State*, 682 S.W.2d 563, 565 (Tex.Crim.App. 1985). Point of error one is overruled.

■ Johnson next asserts that the State was improperly allowed to impeach a defense witness, Robert Creeks, with evidence of Creeks's misdemeanor conviction for unlawfully carrying a weapon. Johnson urges on appeal that Creeks's misdemeanor conviction was wrongly used against him because unlawful carrying of a weapon is not a crime involving moral turpitude. *See* TEX.R.CRIM.EVID. 609(a). Following the State's attempt to question Creeks regarding the conviction, defense counsel stated, "Your Honor, we object to that." When the court allowed the prosecutor to continue, defense counsel responded, "I strongly urge my objection, Your Honor." Again, however, Johnson failed to preserve his complaint because he offered only a general objection at trial. *Cisneros v. State*, 692 S.W.2d at 83. Point of error two is overruled.

■ Johnson then argues that, during the punishment phase, the trial court improperly admitted evidence of a motion to revoke Johnson's probation. The State introduced evidence that on March 27, 1987, Johnson had been convicted for burglary of a building and placed on probation for a period of five years. A probation officer testified that a motion to revoke Johnson's

probation had been filed for the "technical" violation of failing to report for the months of May 1987 until January 1988, and that she perceived Johnson's conduct as indicative of his unwillingness to rehabilitate himself.

Johnson cites *Hernandez v. State*, 599 S.W.2d 614, 615 (Tex.Crim.App.1980), for his proposition that the motion to revoke probation should not be admitted into evidence. In *Hernandez*, the State introduced a pen packet into evidence that contained a motion to revoke the defendant's probation on the grounds of a subsequent burglary offense and an order granting that motion. The court of criminal appeals originally held that admitting the motion to revoke was a violation of Texas Code of Criminal Procedure article 37.07, section 3(a), because it disclosed an extraneous offense that had not resulted in a final conviction as defined by the statute. *Id.* On rehearing, the court decided that the error had not been preserved. *Id.* at 617.

We conclude that the present case is distinguishable from *Hernandez* because, here, the motion to revoke probation made no criminal allegations, but reflected only technical violations involving Johnson's failure to report. The conduct alleged in the motion thus did not constitute an unadjudicated extraneous offense. However, even if the State improperly introduced the motion to revoke into evidence, we will examine it in light of Texas Rule of Appellate Procedure 81(b)(2).

The motion to revoke made no criminal allegations, but reflected only technical violations involving Johnson's failure to report to his probation officer. At trial, there was evidence that Johnson carried a gun and was attempting to sell drugs just prior to the murder. The deceased, an unarmed man, was shot in the back. Johnson had previously been convicted of misdemeanor drug, weapon, and assault offenses. Given that the jury assessed punishment at only sixty years, together with Johnson's extensive criminal record and the cold-bloodedness of the murder, we find, beyond a reasonable doubt, that the error was harmless. Point of error three is overruled.

■ Finally, Johnson claims that the prosecutor injected new facts during argument at the punishment phase of trial when he argued as follows:

> But maybe if enough juries return enough verdicts showing the value of a black person's life, maybe it will show those people in South Dallas that we care and maybe it will show people like Malvin Johnson here that human life is not so cheap that you take it because somebody won't give you your gun back, maybe.
>
> Cause the tragedy here is not only that Terry Agnew lost his life. The tragedy is that Terry Agnew never got a chance. He never got the chance that poor, old Malvin Johnson here got and I can't, by law I cannot bring you evidence of the good things in Terry's life. I can't tell you about Terry's family. The law won't permit me to do that but I guarantee you *he didn't have a criminal record that Malvin Johnson did—*

(Emphasis added.) The trial court sustained Johnson's objection to this comment and instructed the jury not to consider it for any reason. The court then denied Johnson's motion for a mistrial.

■ Ordinarily, any harm resulting from an improper jury argument is obviated when the trial court instructs the jury to disregard the prosecutor's remark. *Brown v. State*, 692 S.W.2d 497, 502 (Tex.Crim. App.1985). The court of criminal appeals has reviewed extreme cases where a corrective instruction would not suffice, regardless of whether the error was preserved. *See Bray v. State*, 478 S.W.2d 89, 90 (Tex.Crim.App.1972). In order for the prosecutor's argument to mandate reversal as "incurable," it must be clearly calculated to inflame the minds of the jury and be of such a character as to suggest the impossibility of withdrawing the impression made by the argument. *Campos v. State*, 589 S.W.2d 424, 428 (Tex.Crim.App.1979). We conclude that, here, the trial court's instruction was sufficient to remove any harm injected. The State's argument does not amount to incurable error requiring

reversal. Johnson's final point of error is overruled.

The judgment is affirmed.