**Homer YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–91–0157–CR.**

Court of Appeals of Texas, Amarillo.

July 20, 1992.

Rehearing Overruled Aug. 25, 1992.

William L. Rivers, Amarillo, for appellant.

Randall L. Sherrod, Criminal Dist. Atty., John L. Davis, Asst. Dist. Atty., Canyon, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

POFF, Justice.

Appellant Homer Young was convicted by a jury of burglary of a building. Upon finding the enhanced portions of the indictment true, the jury sentenced appellant to 99 years confinement in the Texas Department of Corrections.[1] In his first three points of error, appellant complains of the admission of unadjudicated extraneous offenses during both the guilt-innocence and punishment phases of the trial. In his fourth point, appellant complains of the application paragraph of the court's charge on guilt or innocence. We will overrule all points of error and affirm the judgment of the trial court.

Appellant's girlfriend and accomplice, Ethel Wandell McEwen, testified that on August 5, 1990, she and appellant went to an Atex Oil Company gas station where

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

she was previously employed. When they arrived at the station, McEwen was driving and appellant was in the backseat. McEwen pulled to the front of the building and appellant leaned out of the car and knocked out the glass of the front door with a hammer. McEwen and appellant then left the station and drove around. They were checking to ascertain if the police were going to respond to the breaking of the glass.

Upon returning to the station, appellant, who was driving the car, parked by the restrooms and air pumps and pretended to put air in the tires. Meanwhile, McEwen entered the station, opened the safe and took $225. Appellant and McEwen then retired to the Tip Top Club where they bought crack cocaine. Appellant and McEwen left the club and smoked the crack cocaine. Appellant and McEwen then returned to the Tip Top Club for more crack cocaine. Most of the money obtained in the burglary was spent on crack cocaine.

McEwen also testified at the punishment phase of the trial that she and appellant had committed an armed robbery in Dodge City, Kansas subsequent to the Atex burglary.

Ron Christopher Roddy testified that on the day following the burglary appellant had related to him that he had in fact committed the burglary with McEwen. McEwen lived with Roddy and his girlfriend at this time. This conversation took place after Roddy noticed that McEwen had a lot of money in her purse. Roddy testified that appellant told him:

> That they just went to the place where she worked, because she knew the combination, threw something through the window and drove around to make sure that, you know, there wasn't no police or no alarms go off, and it didn't.

> So he pulled back up where the air is and got out like he was putting air in the tires while she went in and got the money.

When asked what appellant and McEwen did with the money, Roddy replied that they purchased and then "smoked a rock."

In his first point of error, appellant complains of the court's abuse of discretion in overruling his objection to evidence that he purchased rock cocaine with the proceeds from the burglary. The State contends the proof of the extraneous offense is admissible under Texas Rule of Criminal Evidence 404(b) for it establishes motive and because it was part of the context of the criminal act. *Stoker v. State*, 788 S.W.2d 1 (Tex. Crim.App.1989), *cert. denied*, —— U.S. ——, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990); *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex.Crim.App.1990); *Craig v. State*, 783 S.W.2d 620 (Tex.App.—El Paso 1989, pet. granted); *Johnson v. State*, 651 S.W.2d 303 (Tex.App.—San Antonio 1983, no pet.); *Archer v. State*, 607 S.W.2d 539 (Tex.Crim. App.1980), *cert. denied*, 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981); *White v. State*, 625 S.W.2d 835 (Tex.App.—Houston [14th Dist.] 1981, no pet.); *Lara v. State*, 740 S.W.2d 823 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd); *Carey v. State*, 677 S.W.2d 821 (Tex.App.—Fort Worth 1984, no pet.)

■■■■ The admission of extraneous offenses or transactions is governed by Article IV of the Texas Rules of Criminal Evidence.[2] Evidence of other crimes, wrongs, or acts may be admissible if it has relevance *apart from* its tendency to prove the character of a person in order to show that he acted in conformity therewith. *Montgomery v. State*, 810 S.W.2d at 387. *Montgomery* further notes that evidence of motive is one of the permissible purposes for which extraneous conduct may be admitted. Motive for the commission of an offense is relevant as a circumstance tending to prove the commission of the offense. *Stoker v. State*, 788 S.W.2d at 13. However, the proposed testimony to be admissible as proof of motive must fairly tend to raise an inference in favor of the existence of a motive on the part of the accused to commit the alleged offense for which he is on trial. *Valdez v. State*, 776 S.W.2d 162

2. *See* Tex.R.Crim.Evid. 401, 402, 403, 404.

(Tex.Crim.App.1989); *Rodriguez v. State*, 486 S.W.2d 355 (Tex.Crim.App.1972).

▉ We do not find that appellant's purchase of crack cocaine soon after a burglary makes it more probable that he committed the burglary. It is not a fair inference that purchasers of cocaine are more likely to have just committed a burglary. Under the facts in this case, the purchase and use of cocaine had no relevance apart from its tendency to prove appellant's criminal character.

▉ The State also argues the evidence of the "cocaine buy" was admissible for it was "part of the context of the criminal activity"; *i.e.*, "res gestae" of the burglary.

Where an offense is one continuous transaction, or another offense is part of the case on trial or blended or closely interwoven, proof of all such facts is proper. [Citations omitted.] Such an extraneous offense is admissible to show the context in which the criminal act occurred; this has been termed the "res gestae," under the reasoning that events do not occur in a vacuum and that the jury has the right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence.

*Archer v. State*, 607 S.W.2d at 542. The State also cites *White v. State*, 625 S.W.2d 835 (Tex.App.—Houston [14th Dist.] 1981, no pet.) and *Carey v. State*, 677 S.W.2d 821 (Tex.App.—Fort Worth 1984, no pet.) for the premise that "what a defendant does with the proceeds of a crime is admissible context evidence if accomplished soon after the crime." In both *White* and *Carey*, the State was permitted to show that the defendants had forged or passed checks stolen in the robbery and burglary for which the defendants were on trial.

In order for the extraneous conduct to be a part of the case on trial or blended or closely interwoven therewith, the conduct must be directly connected with, contemporaneous to and inseparable from the offense charged. *Johnson v. State*, 784 S.W.2d 75 (Tex.App.—Dallas 1989, pet. ref'd). Additionally, a relationship must exist between the evidence of the extraneous transaction and the evidence necessary to prove that the accused committed the crime for which he stands charged. *Harris v. State*, 790 S.W.2d 568 (Tex.Crim.App. 1989); *Albrecht v. State*, 486 S.W.2d 97 (Tex.Crim.App.1972).

While we agree that a subsequent illegal use of checks stolen in a burglary is directly connected with and has a relationship with the burglary, we do not agree with the State's conclusion that "what a defendant does with the proceeds of a crime is admissible context evidence."

We do not find appellant's use of the proceeds from the burglary to buy "cocaine" to be so interwoven with and directly connected to the burglary to be admissible. Therefore, the trial court erred in allowing the introduction of the "cocaine buy."

▉ We must therefore determine whether the introduction of the extraneous offense resulted in reversible error under Rule 81(b)(2) of the Texas Rules of Appellate Procedure. The error being present, reversal is mandated unless the appellate court concludes beyond a reasonable doubt that the error did not contribute to the conviction or the punishment assessed.

▉ In the context of our harmless error analysis, we will examine the entire record in a neutral, impartial and even-handed manner. We will not, however, determine the harmfulness of the error simply by examining whether there exists overwhelming evidence to support appellant's guilt; but rather we will calculate the probable impact of the error on the jury in light of all the evidence. *Harris v. State*, 790 S.W.2d 568 (Tex.Crim.App.1989). In appellant's case, it cannot be said that the error might possibly have prejudiced the jury's decision making. Applying these standards to appellant's case, we find beyond a reasonable doubt that the introduction of the extraneous offense, albeit erroneous, did not contribute to appellant's conviction or punishment.

The jury had before it the physical evidence indicating the burglary took place; when and where it was alleged. Additionally, the State offered the testimony of the accomplice witness who connected appellant to the burglary. Finally and most important, the State offered a friend of appellant's who alleged that appellant admitted participating in the burglary.

Additionally, we note that the "cocaine buy," being unrelated to and occurring after the burglary, made it less likely the jury would have considered the latter offense of buying cocaine as persuasive evidence appellant committed the burglary. The probable impact of this evidence in light of the entire record was minimal. Therefore, point of error one is overruled.

In point of error two, appellant complains of the court's overruling of his objection to the State's offer of the "cocaine buy" during the punishment phase of the trial. Similarly in point of error three, appellant complains that at the punishment phase of the trial, the court overruled his objection to the State's offer of his participation in a subsequent armed robbery. Appellant contends that introduction of these unadjudicated offenses is a violation of Tex.Code Crim.Proc. art. 37.07(3)(a) (Vernon Supp.1992).

In 1989, the Legislature amended article 37.07 in pertinent part as follows:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, *as permitted by the Rules of Evidence,* be offered by the state and the defendant as to *any matter the court deems relevant to sentencing, including* the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

Tex.Code Crim.Proc.Ann. art. 37.07(3)(a) (Vernon Supp.1992) (hereinafter referred to as "the statute") (emphasis added to reflect amendatory language). Prior to the amendment, the statute read as above exclusive of the emphasized portion. *See* Tex.Code Crim.Proc.Ann. art. 37.07(3)(a) (Vernon 1981).

In construing an amendment, courts must presume that the Legislature intended to change the law and should construe the amendment in a way that gives effect to a change rather than one that renders the amendment useless. *Ex parte Trahan,* 591 S.W.2d 837, 842 (Tex.Crim. App.1979). Courts must also presume that the Legislature intended that effect be given to an entire statute. *Ex parte Austin,* 746 S.W.2d 226, 236 (Tex.Crim.App.1988); Tex.Govt.Code Ann. § 311.021(2) (Vernon 1988).

The statute now states that evidence may be admitted as to "any matter the court deems relevant to sentencing, *including* the prior criminal record of the defendant, his general reputation and his character." Tex.Code Crim.Proc.Ann. art. 37.07(3)(a) (Vernon Supp.1992) (emphasis added). We read the term "including" to broaden the scope of admissible evidence at the punishment phase of a non-capital trial solely beyond evidence of the prior criminal record of the defendant, and evidence of the defendant's general reputation and his character.

The San Antonio Court of Appeals, in *Gallardo v. State,* 809 S.W.2d 540 (Tex. App.—San Antonio 1991, pet. granted), held that the admission of the unadjudicated offenses of one aggravated sexual assault and two attempted aggravated sexual assaults, during the punishment phase, was allowed by the amendatory language of the statute. *Gallardo v. State,* 809 S.W.2d at 542–43.

The court noted that guidance in determining the meaning of the added language could be gleaned from article 37.071(a) of the Code of Criminal Procedure which governs capital sentencing procedures and the evidence admissible in the punishment phase of a capital trial. *Gallardo v. State,* 809 S.W.2d at 542. In capital cases, the language of the capital statute which allows the admission of "any matter that the court deems relevant to sentence" allows

the admission of unadjudicated extraneous offenses. *See id.*

Several other appellate courts have adopted an interpretation of amended article 37.07 similar to that of the San Antonio Court of Appeals:

(1) Houston [14th Dist.] Court of Appeals: *Cannon v. State,* 807 S.W.2d 631 (Tex.App.—Houston [14th Dist.] 1991, no pet.) (unadjudicated offense of delivery of a controlled substance admissible in punishment phase); *McMillian v. State,* 799 S.W.2d 311 (Tex.App.—Houston [14th Dist.] 1991, pet. granted) (unadjudicated criminal mischief offense allowed at punishment phase).

(2) Fort Worth Court of Appeals: *Hubbard v. State,* 809 S.W.2d 316 (Tex.App.—Fort Worth 1991, pet. granted) (unadjudicated attempted murder offense allowed at punishment phase).

(3) Beaumont Court of Appeals: *Hunter v. State,* 805 S.W.2d 918 (Tex.App.—Beaumont 1991, pet. granted) (unadjudicated possession of a controlled substance offense allowed at punishment phase); *Huggins v. State,* 795 S.W.2d 909 (Tex.App.—Beaumont 1990, pet. ref'd) (unadjudicated theft and attempted theft offenses allowed at punishment phase).

(4) Houston [1st Dist.] Court of Appeals: *Rexford v. State,* 818 S.W.2d 494 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd) ("no-billed" sexual assault offense allowed at punishment phase).

The only two Texas appellate courts endorsing the position of appellant are the Dallas Court of Appeals and Waco Court of Appeals. *Grunsfeld v. State,* 813 S.W.2d 158 (Tex.App.—Dallas 1991, pet. granted); *Jolivet v. State,* 811 S.W.2d 706 (Tex.App.—Dallas 1991, pet. granted); *Torres v. State,* 818 S.W.2d 141 (Tex.App.—Waco 1991, *vacated and remanded on other grounds,* 825 S.W.2d 124 (Tex.Crim.App. 1992). The Texas Court of Criminal Appeals has yet to rule on this matter. We choose not to follow *Grunsfeld, Jolivet,* and *Torres.* Under our reading of article 37.07, the court did not err in admitting the extraneous offenses. Points of error two and three are overruled.

■ In point of error four, appellant contends the court erred in its charge to the jury. Appellant contends the charge allows a finding of guilty as a party or a principal. The court's charge reads as follows:

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, or by the conduct of another for which he is criminally responsible, or both. Each party to an offense may be charged with the commission of the offense.

Mere presence alone will not make a person a party to an offense. A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant either by his own conduct, in Randall County, Texas, on or about the 5th day of August, 1990, did then and there intentionally or knowingly, with intent to commit theft, enter a building which was not then open to the public, without the effective consent of Cynthia Ann Backus, the owner thereof, or acting with intent to promote or assist the commission of the offense, solicited, encouraged, directed, aided, or attempted to aid ETHEL WANDELL McEWEN to commit the offense charged, as defined above and that the said ETHEL WANDELL McEWEN, in Randall County, Texas, on or about the 5th day of August, 1990, did then and there intentionally or knowingly, with intent to commit theft, enter a building which was not then open to the public, without the effective consent of Cynthia Ann Backus, the owner thereof, you will find the defendant guilty.

If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

Appellant contends that since he did not enter the building the evidence is insufficient to find him guilty as a principal.

Although the evidence was insufficient to prove beyond a reasonable doubt that appellant acted alone, appellant was not harmed by the charge. *Watson v. State*, 693 S.W.2d 938 (Tex.Crim.App.1985); *Boyd v. State*, 774 S.W.2d 37 (Tex.App.—Beaumont 1989, pet. ref'd). The jury was clearly instructed that before they could return a guilty verdict they had to find beyond a reasonable doubt that appellant burglarized the premises while acting alone or as a party. The evidence presented at trial clearly showed beyond a reasonable doubt that appellant was guilty as a party. After carefully reviewing the record, we cannot conclude the jury was misled by the court's charge. Point of error four is overruled.

Accordingly, the judgment of the trial court is affirmed.