(600 P.2d 1166)

No. 50,470

STATE OF KANSAS, *Appellant,* v. JOE F. GARNER, *Appellee.*

Petition for review granted December 6, 1979.

Opinion filed October 12, 1979.

*Mickey W. Mosier,* assistant county attorney, *Curt T. Schneider,* attorney general, and *Wm. Rex Lorson,* county attorney, for appellant.

*James L. Sweet,* of Sweet & Boyer, of Salina, for appellee.

Before FOTH, C.J., ABBOTT and REES, JJ.

REES, J.: Defendant stands charged with driving while under the influence of intoxicating liquor (K.S.A. 1978 Supp. 8-1567), transporting an open container of liquor (K.S.A. 41-804), and having no valid driver's license (K.S.A. 1978 Supp. 8-235 and K.S.A. 8-268). The State appeals from the trial court suppression of the result of a breath test administered after defendant's arrest.

The Kansas statute relevant to our decision is K.S.A. 1978 Supp. 8-1001 which reads in pertinent part as follows:

"(*a*) Any person who operates a motor vehicle upon a public highway in this state shall be deemed to have given consent to submit to a chemical test of breath or blood, for the purpose of determining the alcoholic content of his or her blood whenever he or she shall be arrested or otherwise taken into custody for any offense involving operating a motor vehicle under the influence of intoxicating liquor in violation of a state statute or a city ordinance and the arresting officer has reasonable grounds to believe that prior to arrest the person was driving under the influence of intoxicating liquor. The test shall be administered at the direction of the arresting officer.

"(*b*) If a law enforcement officer requests the arrested person to submit to a chemical test of blood, the withdrawal of blood at the direction of the officer may be performed only by: (1) a person licensed to practice medicine and surgery or a person acting under the supervision of any such licensed person, (2) a registered nurse or a licensed practical nurse, or (3) any qualified medical technician. No person authorized by this subsection to withdraw blood . . . shall be liable in any civil or criminal action when such act is performed in a reasonable manner

according to generally accepted medical practices in the community where performed.

"(c) If the person so arrested refuses a request to submit to a test of breath or blood, it shall not be given and the arresting officer shall make to the division of vehicles of the state department of revenue a sworn report of the refusal, stating that prior to the arrest the officer had reasonable grounds to believe that the person was driving under the influence of intoxicating liquor. Upon receipt of the report, the division immediately shall notify such person of his or her right to be heard on the issue of the reasonableness of the failure to submit to the test. . . . If a hearing is not requested or, after such hearing, if the division finds that such refusal was not reasonable, and after due consideration of the record of motor vehicle offenses of said person, the division may suspend the person's license or permit to drive or nonresident operating privilege for a period of not to exceed one (1) year."

The sole issue before us is whether the result of the breath test administered within the arrest, probable cause, and other requirements imposed by K.S.A. 1978 Supp. 8-1001(a) and (b) is inadmissible evidence if the alleged driver was incapable of exercising the right afforded him by K.S.A. 1978 Supp. 8-1001(c) to refuse such test. In common parlance, it may be said we are concerned with the "unconscious driver." The State argues the test result is admissible in the absence of the driver's refusal of the request to submit to the test. The defendant argues a necessary premise of the statutory right of refusal is his capability to exercise that right and acceptance of the State's proposition renders the statutory right of refusal meaningless when the driver is incapable of exercising it.

Other states have generally similar so-called implied consent statutes. Some have specific provisions concerning the unconscious or otherwise incapacitated driver. Cal. Veh. Code 1979 Supp. § 13353 (West); Iowa Code Ann. § 321B.5 (West); La. Rev. Stat. Ann. 1979 Supp. § 32:661 B (West); Mont. Rev. Codes Ann. 1977 Supp. § 32-2142.1(b); Ohio Rev. Code Ann. 1978 Supp. § 4511.19.1 (Page); Tenn. Code Ann. 1978 Supp. § 59-1045; Vt. Stat. Ann. tit. 23, § 1202(a). Some, like Kansas, make no such provision. Conn. Gen. Stat. §§ 14-227a, 14-227b; Del. Code Ann. tit. 21, §§ 2740 et seq.; Okla. Stat. 1978-1979 Supp. tit. 47, §§ 751 et seq. We conclude reference to the statutes and decisions of these other states affords us no persuasive guidance.

In *Rochin v. California*, 342 U.S. 165, 96 L.Ed. 183, 72 S.Ct. 205 (1952), it was held that the forcible use of a stomach pump constituted a taking so unreasonable as to constitute a violation of

due process. A blood sample taken from an unconscious defendant by a doctor in a hospital emergency room was held in *Breithaupt v. Abram,* 352 U.S. 432, 1 L.Ed.2d 448, 77 S.Ct. 408 (1957), to not be the product of a due process violation. *Breithaupt* distinguished *Rochin* on the facts. In *Schmerber v. California,* 384 U.S. 757, 16 L.Ed.2d 908, 86 S.Ct. 1826 (1966), the test results of a blood sample taken from a defendant arrested for driving while intoxicated but who refused to voluntarily submit to the taking were held admissible. *Schmerber* found no violation of the defendant's constitutional right against self-incrimination, right to counsel or right of protection against unreasonable search and seizure. As observed in *State v. Brunner,* 211 Kan. 596, 602, 507 P.2d 233 (1973), the Fourth Amendment implications of taking a blood sample were reaffirmed in *United States v. Dionisio,* 410 U.S. 1, 35 L.Ed.2d 67, 93 S.Ct. 764 (1973).

In essence, the identified issue before us is whether there is involved an impermissible search of the seized person. From the constitutional standpoint, we learn from *Rochin, Breithaupt* and *Schmerber* that the defendant's Fourth Amendment rights were not violated where (1) the arrest was lawful; (2) the facts surrounding defendant's arrest revealed a "clear indication" that evidence of defendant's intoxication would be found by taking a blood alcohol test sample; and (3) the test was performed in a reasonable manner and under safe conditions. The warrantless search is justified by emergency or exigent circumstances in that destruction of the evidence was imminent because blood alcohol content diminishes with the passage of time. *Schmerber v. California,* 384 U.S. at 769-772.

It is rather meaningless to say K.S.A. 1978 Supp. 8-1001(*a*) and (*b*) constitute statutory imposition of implied consent as a condition of the privilege to operate a motor vehicle in the State of Kansas. These two statutory subsections effect a consent to nothing constitutionally prohibited. See *Schmerber v. California.* The result is that K.S.A. 1978 Supp. 8-1001(*c*) affords a driver the right to restrict the otherwise lawful investigatory activities of law enforcement officers.

Should an unconscious driver's test result be admissible because there was no refusal and it is not the product of a constitutionally unlawful search? If so, does not this deprive him of the statutory right of refusal that obtains to the conscious driver? If

the investigatory process is frustrated because of the driver's unconsciousness, does not this thwart the interest of the State in protecting the public from dangers posed by intoxicated drivers? Or conversely, would not frustration of the investigatory process deprive the benefit of a favorable test result to the unconscious driver who manifested the appearance of driving while intoxicated but whose conduct is explainable by other facts or conditions? We find in K.S.A. 1978 Supp. 8-1001 no answer to the issue before us. Further, we conclude that for us to find an answer in K.S.A. 1978 Supp. 8-1001 would require us to judicially legislate. We decline to do so.

We hold that K.S.A. 1978 Supp. 8-1001 is inapplicable to a driver who is found to have been incapable of making a knowing, intelligent, free and voluntary response to a request to submit to a test of breath or blood to ascertain the alcoholic content of his blood.

Accordingly, we hold that the defendant, a person found by the trial court to have been incapable of exercising the right of refusal of a blood alcohol test as afforded by K.S.A. 1978 Supp. 8-1001(c), was not entitled to suppression of the result of analysis of the breath test sample lawfully obtained.

Reversed and remanded for further proceedings.