(613 P.2d 384)
No. 50,879

STATE OF KANSAS, *Appellant,* v. KENNETH W. WILSON, *Appellee.*

Opinion filed July 3, 1980.

*Robert H. Gale, Jr.,* assistant district attorney; *Dennis W. Moore,* district attorney; and *Robert T. Stephan,* attorney general, for appellant.

No appearance by appellee.

*Donald P. Morrison,* of Topeka, was on the brief *amicus curiae* for the Kansas County and District Attorney's Association.

Before MEYER, P.J., REES and PARKS, JJ.

MEYER, J.: On August 21, 1978, appellee Kenneth W. Wilson (defendant) was arrested for driving while under the influence of alcohol. He was transported to the Johnson County Courthouse where his *Miranda* rights were read to him. When requested to submit to a chemical breath test, defendant refused. Prior to trial, defense counsel filed a motion to suppress as evidence the fact that defendant refused to take the breath test. The court sustained the motion and this interlocutory appeal by the State follows.

The sole issue in this case is whether the fact that defendant refused to take a breath test is admissible in a DWI case.

The issue has been the subject of widely varying decisions in a number of other jurisdictions. See Annot., 87 A.L.R.2d 370. The courts have determined the admissibility of such evidence on the basis of three criteria: (1) whether admission would violate con-

stitutional rights; (2) whether admission would violate statutory rights; and (3) whether admission of the evidence would have probative value.

While defendant did not raise the constitutional question at trial, the State raises it in its brief. (It should be noted that defendant did not file a brief in this case.) The basic question is whether refusal to submit to a test is testimonial and, therefore, compulsory self-incrimination prohibited by the Fifth Amendment of the United States Constitution and Bill of Rights § 10 of the Kansas Constitution.

We conclude that *State v. Haze,* 218 Kan. 60, 542 P.2d 720 (1975), while having to do with handwriting exemplars, is determinative herein, insofar as the constitutional issue is concerned. In *Haze,* the court said:

"[T]he mere refusal of the test, standing alone, actually communicated nothing about the accused's knowledge of the case. . . . [A] verbal communication of the refusal discloses no more of the accused's protected knowledge than would mere conduct in totally failing to comply with the order or in intentionally distorting one's handwriting. The express refusal adds little or nothing to the failure to comply and it can scarcely be contended that evidence of the mere act of noncompliance falls within the protection against self-incrimination. The refusal is in substance an indication of the conduct of the accused and it is this conduct, rather than the oral utterance, which provides the basis for the inference of a consciousness of guilt. *Thus, the refusal should be treated as an act or conduct indicating consciousness of guilt, rather than a self-incriminating statement.* In refusing to supply exemplars, defendant was not communicating anything within the meaning of the Fifth Amendment. He in no way cooperated with, or provided testimony for, his prosecutors by the refusal. On the contrary, he was being as uncooperative as possible and evidence of these actions and his intent to continue them was properly presented to the jury." (Emphasis added.) 218 Kan. at 63-64.

Non-testimonial communications are not protected by the Fifth Amendment. *Schmerber v. California,* 384 U.S. 757, 16 L.Ed.2d 908, 86 S.Ct. 1826 (1966).

We conclude that *Haze,* and particularly the emphasized portion cited above, is applicable to the instant case. It could be said with equal relevance that the refusal to submit to a breath test and the refusal to give a handwriting exemplar, could each be "treated as an act or conduct indicating consciousness of guilt, rather than a self-incriminating statement."

However, while we conclude that *Haze* spoke to the constitutional problem, the Supreme Court distinguished those cases which have held that a refusal by the accused to submit to a

breathalyzer test or to give blood for a blood alcohol test was inadmissible. The court indicated that the accused in those cases had a statutory right to refuse the sobriety test involved. The court went on to state:

"K.S.A. 1974 Supp. 8-1001 providing for the giving of chemical tests contains a statutory right of refusal similar to the statutory rights of refusal set out in the cases cited by defendant. . . .

"There is no statutory or constitutional right of refusal involved in the giving of handwriting exemplars—thus the framework in which the question at bar is presented is clearly distinguishable." 218 Kan. at 62.

We conclude that the Kansas Supreme Court in *Haze* gives a strong indication that the statutory right to refuse a breath test would prohibit admission at trial of his oral refusal to take such a test.

K.S.A. 1979 Supp. 8-1001 provides:

"(a) Any person who operates a motor vehicle upon a public highway in this state shall be deemed to have given consent to submit to a chemical test of breath or blood, for the purpose of determining the alcoholic content of his or her blood whenever he or she shall be arrested or otherwise taken into custody for any offense involving operating a motor vehicle under the influence of intoxicating liquor in violation of a state statute or a city ordinance and the arresting officer has reasonable grounds to believe that prior to arrest the person was driving under the influence of intoxicating liquor. . . .

. . . .

"(c) If the person so arrested refuses a request to submit to a test of breath or blood, it shall not be given and the arresting officer shall make to the division of vehicles . . . a sworn report of the refusal, stating that prior to the arrest the officer had reasonable grounds to believe that the person was driving under the influence of intoxicating liquor. . . . [I]f the division finds that such refusal was not reasonable . . . the division may suspend the person's license or permit to drive or nonresident operating privilege for a period of not to exceed one (1) year."

Authorities from other states have not been helpful in that some of them have statutes which specifically state that such evidence is admissible (Ala. Code tit. 32, § 5-193[h]; Ariz. Rev. Stat. Ann. 1979 Supp. § 28-692[H]; Del. Code tit. 21, § 2749; Iowa Code Ann. 1980 Supp. § 321B.11 [West]; and N. C. Gen. Stat. § 20-139.1[f]), while others have statutes which state that such testimony is inadmissible (Ill. Ann. Stat. 1980 Supp. ch. 95½, § 11-501[h][Smith-Hurd]; Mass. Ann. Laws ch. 90, § 24[1][e][Michie/Law. Co-op]). Since the Kansas statute is silent as to whether the refusal to take the test is admissible or not, we

must pursue the matter further by logic, and by what we may conclude is the legislative intent.

We pause to note that even in those states, like Kansas, which are silent on the issue of admissibility of a refusal to submit to the test, they come to opposite conclusions as to the effect of the statute. Some hold that the option given by the statute to refuse prevents the admissibility of evidence of the refusal, while others hold that even though a person may refuse to take the test, this is not a statutory right to refuse, and the evidence of such refusal is, therefore, not precluded by statute.

We agree with the reasoning supporting the former interpretation of the statute found in the following cases. In *People v. Hayes,* 64 Mich. App. 203, 208-9, 235 N.W.2d 182 (1975), it is stated:

"Further, and more importantly, the admission of a defendant's refusal to submit to an intoxication test would render nugatory the choice which the statute provides him. Under § 625a, an individual arrested for drunk driving has a choice. He can either submit to a test the results of which could create a virtually irrefutable presumption of guilt against him, or he can refuse the test and suffer the revocation. If the fact that a defendant has chosen not to submit to a test can be placed before the jury as an inference of his guilt, then he will be put in the position of having to risk providing evidence for the prosecution by submitting to the test or of certainly providing it by refusing to submit. It would be fundamentally unfair to put a defendant in such a 'damned if he does, damned if he doesn't' position. The Legislature provided a definite choice, and we cannot render a decision which would make that choice an illusory one. [Citations omitted.]"

In *City of St. Joseph v. Johnson,* 539 S.W.2d 784, 787 (Mo. App. 1976), the court stated:

"[B]y statute the motorist had an absolute right to refuse the test and the exercise of that right could not be used to create an unfavorable inference against him."

In *Puller v. Municipality of Anchorage,* 574 P.2d 1285 (Alaska 1978), the court applied the doctrine of *expressio unius est exclusio alterius.* The maxim establishes the inference that, where certain things are designated in a statute, "all omissions should be understood as exclusions." 574 P.2d at 1287. The court concluded that the statute enumerated the sanctions for refusal as suspension or revocation of license and required that those sanctions be included in a warning. Therefore, the sanction of admitting the refusal into evidence was viewed as an exclusion because it was omitted from the statute.

Other Kansas cases which deal with the problem of the "right of refusal" are *State v. Mezins,* 4 Kan. App. 2d 292, 605 P.2d 159,

*rev. denied* 227 Kan. 928 (1980); and *State v. Garner,* 3 Kan. App. 2d 697, 600 P.2d 1166 (1979), *aff'd* 227 Kan. 566, 608 P.2d 1321 (1980). *State v. Garner* held that the fact that the defendant is incapable of exercising a right of refusal does not render the result of said analysis inadmissible. However, that case turned on the fact that the defendant was unconscious at the time the blood was drawn and the statute assumes consent in the absence of a refusal.

We conclude that *State v. Haze,* 218 Kan. 60, is sufficient authority for us to hold that a defendant's refusal to take a breath test is inadmissible on statutory grounds. Logic compels a similar view.

The last criteria for determining whether such a refusal is admissible as evidence is determined on the basis whether such evidence has probative value. Several cases have held that the evidentiary value of this type of evidence does not have sufficient probative value to justify its admission. See *People v. Hayes,* 64 Mich. App. 203; and *State v. Parker,* 16 Wash. App. 632, 558 P.2d 1361 (1976). As we view the matter, it is unquestionable that such evidence has probative value; however, we are concerned that the prejudicial effect on the jury would outweigh its probative value. We likewise hold the view that admission of such evidence would be too high a price to pay for the privilege of driving on the highway, and would render the defendant's right to refuse nugatory.

Affirmed.