**Jackie Kia FLOYD, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–300–CR.**

Court of Appeals of Texas, Fort Worth.

June 5, 1986.

Law Offices of Art Brender and Terry M. Casey and Frank P. Colosi, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Russell Saunders, Asst. Crim. Dist. Atty., Fort Worth, for the State.

Before BURDOCK, JOE SPURLOCK, II and HILL, JJ.

OPINION

BURDOCK, Justice.

Appellant, Jackie Kia Floyd, was found guilty in a trial to the court of driving while intoxicated. TEX.REV.CIV.STAT. ANN. art. 6701$l$–1(b) (Vernon Supp.1986). The trial court assessed his punishment at 60 days confinement, probated for two years, and a $450 fine.

We affirm.

The case was submitted to the trial court on a stipulated statement of facts, which reflected the following sequence of events.

On January 26, 1984, at approximately 2:00 a.m., two police officers on patrol were stopped at a red light when they heard screeching tires and observed appellant's car almost hit their squad car. The officers followed the car as it weaved through traffic and pulled into the parking lot of an apartment complex. There, the officers observed appellant alight from his car, almost fall to the ground, and hold onto the car door to maintain his balance. The officers then approached appellant and smelled a strong odor of alcohol on his breath.

According to one of the officer's stipulated testimony, appellant then became belligerent and physically "hard to handle." At that point, the officers placed appellant under arrest and gave him *Miranda* warnings. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant was then taken to the Fort Worth jail, where he was given the statutory D.W.I. warnings. *See* TEX.REV.CIV. STAT.ANN. art. 6701*l*-5 sec. 2(b) (Vernon Supp.1986). The officer's testimony shows that appellant refused to take an intoxilyzer examination or to sign a refusal form until he could consult with his attorney. Appellant's stipulated testimony states that he did not refuse to take the breath test, but merely stated that he wished to consult with his attorney before making the decision whether to take the test. The officers gave appellant *Miranda* warnings again and interview efforts were terminated.

At trial, the court admitted and considered evidence of appellant's refusal to take an intoxilyzer test in determining his guilt. TEX.REV.CIV.STAT.ANN. art. 6701*l*-5 sec. 3(g) specifically allows the admission of such evidence.

Appellant raises five grounds of error on appeal, contending that the trial court erred in admitting evidence of the alleged breath test refusal because:

(1) such evidence constitutes compulsory self-incrimination in violation of TEX. CODE CRIM.PROC.ANN. arts. 38.22 and 38.23 (Vernon 1979);

(2) admission of such evidence violated appellant's right to due process under U.S. CONST. amend. XIV and TEX. CONST. art. I, sec. 19.

(3) the evidence was obtained in violation of appellant's right to counsel under U.S. CONST. amend. VI;

(4) the evidence was obtained in violation of appellant's right to counsel under U.S. CONST. amend. V; and

(5) the evidence was obtained in violation of appellant's right to counsel under TEX. CONST. art. I, sec. 10.

■ In his first ground of error, appellant alleges the trial court erred in admitting evidence of his refusal to take a breath test because it was obtained without compliance with TEX.CRIM.PROC.ANN. arts. 38.22 and 38.23, and thus constituted compulsory self-incrimination in violation of such articles. In his fourth ground of error, appellant alleges further error by such admission in that the evidence was obtained in violation of his right to counsel under the Fifth Amendment to the U.S. Constitution.

The Fifth Amendment to the United States Constitution prohibits compelling a defendant to be a witness against himself. TEX.CODE CRIM.PROC.ANN. art. 38.22 Sec. 2(a) provides that no oral or written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown that he has been warned:

(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

(2) any statement he makes may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during any questioning and

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time.

.

The article further provides that it must be shown that the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived such rights. *Id.* at art. 38.22 Sec. 2(b). Article 38.23 simply prohibits the admission of any evidence obtained in violation of the United States or Texas Constitutions or laws.

Appellant argues that the procedure utilized in this case violated his rights under the Fifth Amendment by eliciting an uncounseled statement from him which was used to incriminate him at trial. He also argues that such statements constituted compulsory self-incrimination, there being no proof that Article 38.22 warnings were given.

We disagree. The United States Supreme Court in *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), held that the admission into evidence of an accused's refusal to submit to a blood-alcohol test, when authorized by a state statute, does not violate his Fifth Amendment right against self-incrimination. *Id.* 459 U.S. at 564, 103 S.Ct. at 922. The Court states that a police inquiry of whether a suspect will take a blood-alcohol test is not an interrogation within the meaning of *Miranda*. *Id.* at n. 15. *See also, Ellis v. State*, 696 S.W.2d 209, 211 (Tex.App.—Eastland 1985, pet. pending). In the case of *Ashford v. State*, 658 S.W.2d 216 (Tex.App.—Texarkana 1983, no pet.) the Texas Court of Appeals, relying upon *Neville*, held that, because the Texas Constitution affords no greater protection than the United States Constitution (*see Olson v. State*, 484 S.W.2d 756, 772 (Tex.Crim.App. 1969) (on rehearing)), the evidence of one's refusal to submit to a breath alcohol test is admissible in a trial for driving while intoxicated. *Id.* at 218. In making this holding, the court relied upon the Court of Criminal Appeals' decision in *Rodriguez v. State*, 631 S.W.2d 515, 517 (Tex.Crim.App.1982), which held that the taking of a blood alcohol test is not a testimonial communication protected by either the United States or the Texas Constitutions, so that *Miranda* warnings or Article 38.22 statutory warn-

ings are not required before a breath test is administered. *Id.* *See also McCambridge v. State*, 698 S.W.2d 390, 394 (Tex. App.—Houston [1st Dist.] 1985) *aff'd and remanded*, No. 1086–85 (Tex.Crim.App., May 14, 1986) (not yet reported).

We note that the question of whether the admission of an accused's refusal to take a breath test violates his right against self-incrimination under the Texas Constitution and statutes has not been addressed by the Texas Court of Criminal Appeals. We join our sister courts in holding that no such violation occurs because the applicable provisions of Article 38.22 are substantially the same in scope as the Fifth Amendment right against self-incrimination and the provisions of Article 38.22 provide no broader protection in this respect than the provisions of the U.S. Constitution. *See Parks v. State*, 666 S.W.2d 597, 599 (Tex.App.—Houston [1st Dist.] 1984, no pet.); *Ashford*, 658 S.W.2d at 218; *Gressett v. State*, 669 S.W.2d 748 (Tex.App.—Dallas 1983, pet. granted); and *Growe v. State*, 675 S.W.2d 564, 566 (Tex.App.—Houston [14th Dist.] 1984, no pet.). Accordingly, we overrule appellant's first and fourth grounds of error.

■ In his second ground of error, appellant challenges the admission of his refusal to take the breath test on due process grounds under the Texas and U.S. Constitutions. He contends that the court's "penalizing" him for invoking his *Miranda* right to counsel, by admitting his refusal into evidence, was so fundamentally unfair as to amount to a violation of due process. Appellant argues that he was never warned by the police officers that his effort to exercise his right to counsel would be "penalized."

We do not find appellant's argument in this regard convincing for the reason that he was, in fact, warned, pursuant to TEX. REV.CIV.STAT.ANN. art. 6701*l*–5 sec. 2(b) (Vernon Supp.1986), that his refusal to take the breath test would be admissible against him at trial. The *Neville* case, discussed above, involved a challenge on due process

grounds. 459 U.S. at 564, 103 S.Ct. at 922. The Court found it was not fundamentally unfair to use a defendant's refusal against him, even where, unlike here, the defendant was not specifically warned that his refusal could be used against him at trial. *Id.* at 566, 103 S.Ct. at 924.

Appellant attempts to distinguish *Neville* by the fact that here, appellant never waived his right to counsel, but instead sought to invoke such right. In contrast, the defendant in *Neville* acknowledged that he understood his rights and agreed to talk without a lawyer present. *Id.* at 555, 103 S.Ct. at 918.

While it is true that here, appellant did not waive his right to counsel, but rather attempted to invoke it, we find this fact to be a distinction without a difference. Whether or not appellant attempted to invoke his right to counsel, the fact remains, as discussed above, that appellant's refusal to take the test was not constitutionally protected testimony. Further, appellant's right to counsel had not attached at the time he refused to take the test, as will be discussed below.

We do not find the case of *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), cited by appellant, controlling here because it involved the defendant's failure to offer an alibi at the time of his arrest. *Id.* at 617–18, 96 S.Ct. at 2244–45. Silence under such circumstances constitutes testimonial communication protected by the Fifth and Fourteenth Amendments. *Id.* A defendant's refusal to take a breath test, on the other hand, is not a testimonial communication protected by the U.S. or Texas Constitutions. Appellant's second ground of error is overruled.

■ In his third and fifth grounds of error, appellant argues the trial court erred in admitting the evidence of his refusal to take the breath test in that it violated his right to counsel under the Sixth Amendment to the U.S. Constitution and Article I, section 10 of the Texas Constitution.

This issue was recently addressed by the Court of Criminal Appeals in the case of *Forte v. State,* 707 S.W.2d 89 (Tex.Cr. App., 1986). In reversing our earlier opinion in *Forte v. State,* 686 S.W.2d 744 (Tex. App.—Fort Worth 1985) (opinion on rehearing), the Court held that the defendant's Sixth Amendment right to counsel did not attach until the day after he was given a breath test, when a formal complaint was filed against him. *Id.* at 91. *See also McKinnon v. State,* 709 S.W.2d 805, (Tex. App.—Fort Worth, 1986). The Court reasoned that under *United States v. Gouveia,* 467 U.S. 180, 186, 104 S.Ct. 2292, 2297, 81 L.Ed.2d 146, 153 (1984) and *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411, 417 (1972), an accused's Sixth Amendment right to counsel attaches only at or after the initiation of adversary judicial proceedings against the defendant; and that the only cases which have deviated from the "bright line" rule established for attachment have been limited to the Fifth Amendment as their constitutional foundations. *Forte,* at 91.

We hold, therefore, based upon the Court of Criminal Appeals' decision in *Forte,* that appellant's Sixth Amendment right to counsel did not attach at the time he refused to take a breath test.

The Court of Criminal Appeals, in deciding *Forte,* expressly left open the question whether such a challenge would be successful on state grounds. The United States Constitution provides, in part, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. Similarly, the Texas Constitution provides, in part, "[i]n all criminal prosecutions the accused ... shall have the right of being heard by himself or counsel or both ..." TEX. CONST. art. I, sec. 10.

We are unable to find any basis upon which to interpret our state constitution's right to counsel provision as giving a criminal defendant any greater protection than is given by the United States Constitution's corresponding provision when he is requested to submit to a breath test. *See Yates v. State,* 679 S.W.2d 534, 536 (Tex.

App.—Tyler 1984, pet ref'd.). Accordingly, we hold that appellant's right to counsel, based upon the laws and Constitution of the State of Texas, did not attach at the time he refused to take a breath test. Appellant's third and fifth grounds of error are overruled.

Judgment affirmed.