Edward Earl FORTE, Appellant,

v.

The STATE of Texas, State.

No. 2-84-012-CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 11, 1986.

Rehearing Denied Jan. 14, 1987.

Discretionary Review Granted
April 8, 1987.

Alley & Alley, Richard Alley, Fort Worth, Mallett, Trichter & Brann, J. Gary Trichter, Stanley Schneider, Houston, for appellant.

Tim Curry, C. Chris Marshall, Fort Worth, Stephen H. Capelle, Austin, for the State.

FENDER, C.J., and BURDOCK and HILL, JJ.

OPINION ON REMAND

FENDER, Chief Justice.

This is an ongoing appeal from a conviction for DWI wherein, upon original submission, this court disposed of all intervening points of error (adversely to appellant) and ordered the case reversed because appellant's rights under the sixth amendment to the Constitution of the United States were violated when he was denied the privilege of consultation with counsel before giving a breath sample to be tested for alcoholic content. *See Forte v. State,* 686 S.W.2d 744 (Tex.App.—Fort Worth 1985).

The Court of Criminal Appeals (on discretionary review) held that no sixth amendment right had attached and remanded the cause to us solely for consideration of appellant's claims under Texas law. *See Forte v. State,* 707 S.W.2d 89 (Tex.Crim. App.1986).

Appellant urges that we again reverse the judgment of conviction on any or all of the following grounds, to wit, violation of appellant's rights under:

(1) Article I, Section 3, Texas Constitution (Equal Rights).

(2) Article I, Section 10, Texas Constitution (Right to be Heard by Counsel in Criminal Prosecution).

(3) Article I, Section 13, Texas Constitution (Due Course of Law).

(4) Article I, Section 19, Texas Constitution (Due Course of Law of the Land).

(5) Article 1.04, Texas Code of Criminal Procedure (Due Course of Law).

(6) Article 1.05, Texas Code of Criminal Procedure (Right to be Heard by Counsel).

(7) Article 38.21, Texas Code of Criminal Procedure (Voluntariness of Confessions).

(8) Article 38.22, Texas Code of Criminal Procedure (Minimum Standards for Voluntary Statements).

(9) Article 38.23, Texas Code of Criminal Procedure (Bar to the Use of Illegally Obtained Evidence).

By logic alone we can eliminate many of these grounds from further discussion and level our attention on the true problem before us. Equal rights (TEX.CONST. art. I, sec. 3) can be eliminated as we find no improper discrimination in the classification of "intoxicated drivers" as *offenders.* Due course of law (TEX.CONST. art. I, secs. 13, 19; TEX.CODE CRIM.PROC.ANN. art. 1.04 [Vernon 1977]) can be eliminated by our simply holding that if, *in fact,* a person has a definable *right* or *privilege* under the Texas Constitution, the law *must* provide a reasonable means whereby such right or privilege may be exercised. Under our holding herein we do not reach this question.

The disposition of the complaint of violation of articles 38.21 and 38.22, Texas Code of Criminal Procedure, governing the taking of statements is foreclosed by the holding of the Court of Criminal Appeals in *Rodriguez v. State,* 631 S.W.2d 515 (Tex. Crim.App.1982) wherein Presiding Judge Onion stated:

We hold that the taking of the breathalyzer test is not a testimonial communication that Article I, sec. 10, Texas Constitution, or the Fifth Amendment, United States Constitution, seek to protect.

*Id.* at 517. And lastly we eliminate discussion of article 38.23, Texas Code of Criminal Procedure, as such simply provides a statutory definition of a portion of "due course of law" and we presume that any court observing illegally obtained evidence (as so defined in the statute) will bar its admission into evidence.

We are left then with the right to counsel problem. Since article 1.05 of the Code of Criminal Procedure and article I, section 10 of the Constitution are in virtually identical language (with the statute being worded more narrowly than and fully included within the constitutional provision) and since we have not found any authority for giving greater effect to the statute, we will proceed to discuss the constitutional question alone. Simply stated we must determine whether our Texas Constitution assures a right of consultation with counsel *prior to testing* to a person reasonably suspected of having more than .10 percent alcohol in his blood.

This court has heretofore faced a virtually identical question in *Floyd v. State,* 710 S.W.2d 807 (Tex.App.—Fort Worth 1986, pet. filed). In *Floyd* the defendant declined to furnish a breath sample until he could consult with counsel. The police officers treated this as a refusal to submit to testing. Over objection the trial court in *Floyd* permitted evidence of such refusal to be presented by the State. This court held that failure to allow consultation with counsel did not bar such evidence under article I, section 10.

In the instant case a similar request was made for consultation with counsel before testing with similar negative response by the officers. The only difference is that Mr. Forte then gave a breath sample which was tested and the results allowed in evidence at his trial. We find that this slight factual difference does not affect our holding in *Floyd* so as to make it inapplicable here.

In light of the lengthy *amicus curiae* briefs filed by the Criminal Defense Lawyers of Texas and the Texas District and County Attorneys Association (as well as the able briefs submitted by counsel of record) an exhaustive search of the record has been conducted to determine whether appellant was denied some right or privilege to which he has been held to be entitled under some provision of either the Texas or United States Constitution, the implementation of which might require consultation with legal counsel before the execution of some option to exercise or waive such right or privilege. We find no evidence admitted in this cause (whether proper objection be laid or not) which was obtained in violation of any known constitutional provision or safeguard.

For this court in this case to vary from our holding in *Floyd, supra,* would require us to create some newly defined right or privilege and cloak it with article I, section 10 of the Texas Constitution. This we decline to do, leaving such expansion to the consideration of our legislative branch.

The judgment of the court below is affirmed.