**The STATE of Ohio**

**v.**

**HAMRICK.**

Ashland Municipal Court, Ohio.

No. 94–TR–C–6425.

Decided Oct. 20, 1994.

---

*W. David Montague,* Assistant Director of Law, for the state.

*Mason, Mason, Fridline & Sullivan* and *Thomas L. Mason,* for the defendant.

---

HUGH I. TROTH, Acting Judge.

This court finds that the state has complied with the requirements of R.C. 4511.191 and the defendant's motion to exclude evidence of the defendant's refusal to take the breath test is OVERRULED on that issue.

There remains the further motion as to the relevancy of the refusal in a charge under R.C. 4511.19(A)(1) and that is the issue to be addressed in this opinion.

The defendant, Richard A. Hamrick, Jr., was charged with violating R.C. 4511.19(A)(1). Prior to 1983, R.C. 4511.19 had only one section and that was that no person shall operate any vehicle within this state if that person is under the influence of alcohol.

In 1983, the law was changed to keep the original verbiage, *i.e.*, no person shall drive a car under the influence of alcohol, and that was designated as "(A)(1)" of the new Revised Code. The legislature saw fit to add three more prohibitions, to wit: "(A)(2)," the person has a concentration of ten hundreds of one percent or more by weight of alcohol in his blood; "(A)(3)," the person has a concentration of ten hundreds of one gram or more by weight of alcohol per two hundred ten liters of his breath; and "(A)(4)," the person has a concentration of fourteen hundreds of one gram or more by weight of alcohol per one hundred milliliters of his urine.

The defendant was not charged with (A)(2), (A)(3), or (A)(4). The defendant argues that his refusal to take an officer-administered test for breath, blood or urine had nothing whatsoever to do with the charge of violating R.C. 4511.19(A)(1).

There are clear penalties for failure to take the test as provided in R.C. 4511.191, but that is not the issue here.

The sole remaining issue before this court is whether the fact that the defendant refused to take any chemical test is admissible in the case where he is charged with R.C. 4511.19(A)(1).

In *State v. Boyd* (1985), 18 Ohio St.3d 30, 18 OBR 68, 479 N.E.2d 850, the Supreme Court held that evidence that the defendant was intoxicated was irrelevant to a charge that he had operated a vehicle with a concentration of ten hundreds of one gram or more by weight of alcohol per two hundred ten liters of breath. In effect, in the *Boyd* case, the Supreme Court said that evidence of a violation of R.C. 4511.19(A)(1) is not relevant in a charge against the defendant's violating R.C. 4511.19(A)(2).

This court is treating the defendant's motion as a motion *in limine, i.e.,* the state cannot mention at the trial of a violation of (A)(1) the fact that there was a refusal to take the breathalyzer test.

R.C. 4511.19(C) states as follows:

"In any proceeding arising out of one incident, a person may be charged with a violation of division (A)(1) and a violation of division (B)(1), (2) or (3) of this section, but he may not be convicted of more than one violation of these divisions."

8

Section "(B)" of R.C. 4511.19 has only to do with persons under eighteen years of age. Thus, the legislature indicated that a person under eighteen years of age could be charged under R.C. 4511.19(A)(1), *i.e.*, driving under the influence and, also, could be charged with having too much alcohol in his blood, or having too much alcohol in his breath, or having too much alcohol in his urine.

It apparently was the legislature's feeling that it is proper to charge a juvenile with operating a vehicle while under the influence of alcohol and also to charge him with too much alcohol in his breath, blood, or urine, but it is not proper so to charge an adult.

R.C. 4511.19(D) indicates that if the accused takes the test for alcohol in the breath, the results may be admitted into evidence. The code is silent as to the admissibility of evidence of the refusal to take the test.

Other states have ruled on the issue:

*Kansas v. Wilson* (1980), 5 Kan.App.2d 130, 613 P.2d 384, ruled that the statutory right to refuse any chemical breath test prohibits admission at trial of an accused's refusal to take the test. *Casselberry v. State* (Tex.App.1982), 631 S.W.2d 542, held that the state may not introduce evidence that the accused was offered and refused to take a breathalyzer test after his arrest for driving while intoxicated.

This court found that the requirements of R.C. 4511.191 were satisfied. However, the question of the relevancy of the refusal is still an issue. As has been noted above, this court is treating the motion concerning the irrelevancy of the refusal as a motion *in limine*, and this court will determine whether evidence of the refusal to take the test can be admitted into evidence at the trial of the defendant.

The state has cited *South Dakota v. Neville* (1983), 459 U.S. 553, 565, 103 S.Ct. 916, 923, 74 L.Ed.2d 748, 759, in which the Supreme Court of the United States held that it is not fundamentally unfair in violation of due process "to use the refusal to take the [blood-alcohol] test as evidence of guilt, even though [the police failed to warn him] that his refusal could be used against him at trial."

The Supreme Court of Ohio in *Maumee v. Anistik* (1994), 69 Ohio St.3d 339, 632 N.E.2d 497, while not directly addressing the problem of the difference between the four possible charges under R.C. 4511.19 and while not overruling itself in *State v. Boyd* above, appears to have answered our question.

The Supreme Court of Ohio in *Anistik* found that if the jury in that case found the defendant refused to submit to the test, the jury could, but was not required to, consider that evidence along with all other facts and circumstances in evidence in deciding whether the defendant was under the influence of alcohol. Hence, the Supreme Court has indicated that a charge to the jury with regard to the defendant's refusal to submit to the chemical test is permissible, and although the

trial judge may instruct that the defendant's refusal to submit to a chemical test is evidence of intoxication at the time of taking the test, such instruction must not be one-sided.

The Supreme Court of Ohio found that the jury instructions as set forth in 4 Ohio Jury Instructions (1993) 405, Section 545.25(10), are the proper way to give instructions on the subject. The defendant's motion is therefore OVERRULED.

As a result of the above, this court finds that evidence of the refusal to take the breath test may be admitted into evidence with instructions as explained in *Anistik.*

*Motion overruled.*